## SUPREME COURT.

### William H. G. Post agt. New-York Central Railroad Company.

An *offer* made by a defendant under § 385 of the Code, (to take judgment,) should be so distinctly and openly made that there should be no doubt or misunderstanding about it.

This offer cannot be used as evidence, so the defendant cannot be subject to a recovery against him, unless it is accepted by the plaintiff.

But the offer is to be used as in the nature of a *pleading*, requiring a copy of it to be given to the court or referee, on the trial, with the summons and pleadings, to constantly admonish the plaintiff to stop the litigation; and that the court or referee, when there is a discretion in respect to costs, may act intelligently in regard to that question.

*Monroe Special Term, March,* 1856.

Motion for costs by defendants, and extra allowance by plaintiffs.

Post agt. New-York Central Railroad Company.

Action for the specific execution of an agreement to construct a bridge for crossing over defendant's railroad, or for damages for its non-fulfilment. Tried before a referee, who denied the prayer for specific performance of the agreement, but made a report for the plaintiff, and ordered judgment in his favor for $250, *with costs* of suit.

The plaintiff moves for extra costs, and the defendant moves for costs in the suit, on the ground that defendant had offered to let plaintiff take judgment for $400, with costs, after suit brought, under § 385 of the Code.

The defendant's attorney swears to an offer served on one of the plaintiff's attorneys, (since deceased,) after suit brought. The other attorney of plaintiff, the plaintiff himself, and the counsel of defendant, deny that they, or either of them, ever saw or heard of any offer, and produce a letter of defendant's attorney, dated February 16, 1856, after the trial, conceding in effect that plaintiff is entitled to an extra allowance, and making no mention of any offer, or any claim for costs.

GEORGE BOWEN, *for plaintiff.*
E. A. HOPKINS, *for defendant.*

E. DARWIN SMITH, Justice. On the question whether an offer had, in fact, been made under § 385 of the Code, there ought not to be any room for conflicting affidavits, as in this case. The offer should be so distinctly and openly made, that there could be no doubt or uncertainty, or misunderstanding in respect to it. The object of this section of the Code was to check litigation, by giving the defendant an option to stop it at any time, and making its continuance, after a reasonable offer, at the peril of costs, on the part of the plaintiff. This offer cannot be used as evidence, so the defendant cannot be subject to a recovery against him, when an offer is made to purchase his peace, unless it is accepted by the plaintiff. But the offer is to be used as in the nature of a *pleading*—§ 259 requiring a copy of it to be given to the court or referee, on the trial with the summons and pleadings. This was obviously de-

Post agt. New-York Central Railroad Company.

signed to make its existence notorious, to avoid mistake or misunderstanding about it, and constantly to admonish the plaintiff to stop the litigation; and for the further purpose that the court or referee, when there is a discretion in respect to costs, may act intelligently in regard to that question.

When this cause was tried, it is quite clear that neither of the parties or the referee understood that any offer had been made : none was spoken of by the parties, and no copy was furnished to the referee. The cause, most obviously, has not been proceeded in with the understanding on either side that it was proceeding at the peril of the plaintiff if he did not recover more than the $400.

In view of this fact, and that the referee disposed of the case, and gave costs expressly, without having respect to any such question, I think it should be held, either that the defendants never made a *bona fide* offer, with intent to insist on it, or else that they have waived it. If the offer had been before the referee, it might have affected the verdict and course of the trial in some respects, or the question of costs which was within the discretion of the referee. (*Luddington* agt. *Taft*, 10 *Barb.* 448.)

The plaintiff's motion for extra costs should, therefore, be granted, and the defendant's motion for costs denied, without costs to either party on the motion.