## HENDERSON *against* BANNISTER, ET AL.

The defendant served an offer to allow judgment to be taken against him, with costs and disbursements *to the date* of the offer. *Held*, that the plaintiff was not bound to accept such an offer, as he was entitled to the costs and disbursements for entering judgment on the offer. The offer should be unconditional.

BY THE COURT.—BRADY, J.—In this case the defendants offered to allow judgment to be entered against them for the sum of $500, together with costs and disbursements up to date. The plaintiff recovered less than the offer, and the defendants claim the costs of the litigation. Are they entitled to it? The right to make the offer is founded entirely upon the statute, and the consequences of the offer, once made, are also dependent upon the statute. All that the plaintiff acquires by an offer is the right to enter judgment according to its terms. The defendant has the right to prescribe the limit. Beyond that the plaintiff has no power to go. In this case the defendant limited the disbursements to the date of the offer. The plaintiff was not bound to accept it. He was entitled to the disbursements upon entering judgment. If the offer had ended with the word costs, all the plaintiff could have recovered would have been his disbursements up to the time of the offer, and those of entering judgment. The words which followed, therefore, and disbursements up to date, have a decided significance, and determined the right of the plaintiff to anything more. It is error to suppose that they may be rejected as surplusage. The defendants had the right to say what they were willing to allow, and have said it. To

insert one cent beyond the sum included in the offer would have been unauthorized. Had the offer been other than an authority from the defendants to impose upon them an obligation which they were to discharge, we might disregard the words under consideration. The offer should always be so distinctly made as to leave no doubt of its meaning or extent (Post v. New York Cent. R. R. Co., 12 *How. Pr.* 552), and when a doubt exists the defendant must take the consequences. In Ranney v. Russell (3 *Duer*, 389), the defendant offered " to allow judgment to be entered against him in favor of the plaintiff for the sum of 'fifty dollars." The offer was held to be a nullity. Bosworth, J., said, " to deprive a plaintiff of the right to costs a defendant must make an offer authorized by section 385. It is only under that section that an offer can be made. If one is made which is not authorized by it, it is wholly nugatory, and may be treated as a nullity." It may be said of that case that the defendant intended to give costs to the plaintiff, and it may be said in this case that the defendants actually intended to allow the disbursements subsequent to the offer, which were necessary to perfect the judgment. They have not said so. They have left the offer, in that respect, doubtful, at least, and the offer made is not authorized by section 385. The language of that section requires the defendant to offer to allow judgment to be taken against him for the sum or property, or to the effect therein specified, with costs. Such was not the offer of the defendants in this case, and the appeal must therefore be dismissed. I think the question presented on the appeal, however, depends upon such facts and findings as justify us in excusing the appellant from the payment of costs of this appeal.

Ordered accordingly.

This case is reported because not found elsewhere.